CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA HOKE,<br>Plaintiff, | )<br>)<br>) Civil Action No. 7:06cv00112<br>) |
| v. | )<br>) |
| JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY<br>Defendant. | )<br>) By: Hon. Michael F. Urbanski<br>) United States Magistrate Judge<br>) |

## MEMORANDUM OPINION

Plaintiff Angela Hoke ("Hoke") brought this action for review of the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383. The parties have consented to the undersigned's jurisdiction, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision.

The court finds that the decision of the Administrative Law Judge ("ALJ") that Hoke retains the residual functional capacity ("RFC") to do a full range of medium work, including her past relevant work, is not supported by substantial evidence. Because the ALJ's decision at step four of the sequential evaluation process is not supported by substantial evidence, the case must be remanded for further administrative consideration, including consideration of vocational evidence and a proper step five analysis.

I.

Hoke is younger individual, born on July 11, 1977. (Administrative Record [hereinafter R.] at 79) Hoke graduated from high school and completed two years of business management,

information systems, and accounting courses. (R. 95, 438-439) Hoke's previous work includes that of a cook, dishwasher, fast food worker, construction laborer, production worker, and salesperson. (R. 90, 438-39) Hoke filed an application for DIB and SSI on or about October 15, 2002, alleging that she became disabled on August 15, 2002, due to joint pain, back pain, and fatigue caused by lupus and fibromyalgia. (R. 17, 89) Hoke's claims were denied at both the initial and reconsideration levels of administrative review, (R. 16), and a hearing was held before an ALJ on November 29, 2004. (R. 16, 435-53) On January 19, 2005, the ALJ issued a decision denying Hoke's claims for DIB and SSI, finding that Hoke's claims of incapacitation were not wholly credible and that she retains the RFC to occasionally lift or carry fifty pounds, frequently lift or carry twenty-five pounds, and can stand, walk, and/or sit for six hours in an eight hour work day. (R. 25) Finding that Hoke could do a full range of medium work, the ALJ determined that Hoke could do her past relevant work as a cook, fast food worker, assembly worker, salesperson, and/or dishwasher and, therefore, that she was not disabled. (R. 25)

The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on January 11, 2006, when the Appeals Council denied Hoke's request for review. (R. 5-7) Hoke then filed this action challenging the Commissioner's decision.

## II.

Hoke argues that the ALJ erred in finding that her combined systemic lupus, obesity, and fibromyalgia/chronic pain neither meet nor are medically equivalent to any of the listings and that her complaints of disabling pain and fatigue were not wholly credible. Additionally, Hoke claims that the ALJ's RFC determination is invalid because the ALJ failed to properly consider the combined effects of her impairments and, without sufficient explanation, disregarded

2

portions of the medical record and took portions of the testimony and the record out of context. Finally, Hoke alleges that the ALJ erred in finding she could return to her past relevant work.

Judicial review of a final decision regarding disability benefits under the Act is limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). Accordingly, the reviewing court may not substitute its judgment for that of the ALJ, but instead must defer to the ALJ's determinations if they are supported by substantial evidence. Id. Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays, 907 F.2d at 1456; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

Having reviewed the record, the court finds insufficient evidence to support the ALJ's determination that Hoke can perform a full range of work at the medium exertional level.[1] However, this is not to say that Hoke ultimately will be determined to be disabled. Indeed, the court has substantial reservations that Hoke can meet her burden of establishing that she is disabled from all work once an appropriate RFC and step five analysis is completed.[2]

---

[1] Medium work requires exerting twenty to fifty pounds of force occasionally, and/or ten to twenty-five pounds of force frequently, and/or up to ten pounds of force constantly to move objects. http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM

[2] In this regard, the court notes that Hoke's medical records indicate her physicians have repeatedly advised her to increase, rather than limit, her physical activity. Moreover, the record establishes that Hoke advised her physicians in 2004 that she was increasing the amount of exercise she does, and, in fact, had begun swimming at the YMCA about three times per week,

3

Nonetheless, the record does not contain substantial evidence to support the ALJ's determination that Hoke can do work at the medium exertional level. As such, the court cannot affirm the ALJ's determination that Hoke can return to her past relevant work. Therefore, this case must be remanded to the Commissioner for further assessment of Hoke's residual functional capacity and a proper step five analysis.

### III.

With minimal explanation, the ALJ determined that Hoke retains the RFC to occasionally lift or carry fifty pounds, frequently lift or carry twenty-five pounds, and can stand, walk, and/or sit for six hours in an eight hour work day. (R. 23) The ALJ discounted Hoke's testimony regarding her limitations as being not fully credible and Dr. Henderson's report that Hoke was totally disabled as inconsistent with the remainder of the medical record. (R. 23-24) Further, although the ALJ specifically rejected the April 2003 assessment of Dr. Goings, the state agency physician, that Hoke could "pretty much do anything," and instead found that more recent evidence in the record supported some exertional limitations, (R. 24), the ALJ did not provide any explanation or detail as to what evidence in the record supported his RFC determination.

In June 2004, after having treated Hoke for approximately six months, Dr. Henderson found that Hoke's pain and fatigue were so severe that she could not function on a daily basis. (R. 212) The record establishes that Dr. Henderson and Hoke's other treating physicians repeatedly noted that Hoke complained of constant pain and severe fatigue, during exams she appeared to be in pain and fatigued, she had intermittent swelling in her wrists, knees, hands, and

---

and in 2005 Hoke's occupational therapist opined that although Hoke was limited by pain, weakness, and fatigue, she could do work at the sedentary level. (R. 286, 339, 357, 418-19)

4

feet, and that she was obese and had several related problems, including high cholesterol and high blood pressure. (R. 116-118, 134-37, 140-49, 152-53, 161, 166, 170-73, 206-211, 212) Further, even in the 2003 state agency assessment rejected by the ALJ as not being conservative enough, the examining physician noted that Hoke "hurts all over," she has fibromyalgia trigger spots in her spinal muscles, and that her combined health problems seem "to have destroyed her working ability." (R. 128)

The court cannot discern the basis for the ALJ's conclusion that Hoke retains the ability to occasionally lift or carry fifty pounds and/or frequently carry twenty-five pounds. Hoke testified that her pain and fatigue were so severe that at least two or three times a week she stays in bed all day and that her ability to lift or move objects is extremely limited. (R. 441-46) The ALJ discounted this testimony, instead finding that Hoke's daily activities suggested she was exaggerating her limitations. In support of this finding, the ALJ pointed only to Hoke's statements to Dr. Goings during the state agency assessment in 2003, indicating that she took care of all the household chores, including making beds, mopping floors, cooking, and shopping. The court finds the ALJ's reliance on these statements not to be particularly compelling, however, as the ALJ specifically found that following the 2003 examination, evidence in the record indicated that Hoke's medical condition worsened and her physical abilities declined. Moreover, as noted above, all of Hoke's treating physicians repeatedly noted that she was severely fatigued, in pain, had intermittent swelling in various extremities, and was obese. The ALJ did not account for these findings in his RFC determination nor did he point to any evidence in the record after the April 2003 assessment suggesting that Hoke's daily activities were such that she could perform the full range of medium work.

5

The ALJ failed to provide any basis for his determination that Hoke can do a full range of medium work, including her past relevant work. Given this fact, the court is unable to conclude that the RFC chosen by the ALJ is supported by substantial evidence. See, e.g., Gordon v. Schweicker, 725 F.2d 231, 235 (4th Cir. 1984); Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980); Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the records as a whole to determine whether the conclusions reached are rational.'" Arnold, 567 F.2d at 259. Therefore, the undersigned remands this case to the Commissioner for further analysis on this issue.

## IV.

The court finds that none of plaintiff's other arguments have any merit and declines to address them at this juncture. Regardless, the ALJ's failure to provide any foundation for his RFC determination compels a finding that his decision is not supported by substantial evidence, that defendant's motion for summary judgment be denied, and that this case be remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further development of the record. 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing."). In so doing, the court has substantial reservations that Hoke ultimately can meet her burden of establishing that she is disabled from all work once an appropriate RFC and step five analysis is completed.

The Clerk of the Court is hereby directed to send a certified copy of the Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 24 day of January, 2007.

Michael F. Urbanski
United States Magistrate Judge

7